# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2014

Lyle W. Cayce
Clerk

No. 13-60300
Summary Calendar

WINNIE NGARUIYA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 456 729

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Winnie Ngaruiya, a native and citizen of Kenya, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) affirming the denial of her application for relief from removal. Ngaruiya sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on her fear of being subjected to harm, including female genital mutilation (FGM), by her uncle and members of the Mungiki sect in Kenya.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60300

Ngaruiya first challenges the denial of withholding of removal, arguing that the BIA erred in finding that she failed to show that she would be persecuted by someone the Kenyan government was unable or unwilling to control. Ngaruiya argues that the BIA failed to consider key evidence that the Kenyan police took no action when her uncle's threats against her were first reported to the police. According to Ngaruiya, the BIA also failed to consider evidence that the police did not prevent her uncle from forcing her cousin to undergo FGM.

We review the order of the BIA and will consider the underlying decision of the immigration judge only if it had some impact upon the BIA's decision. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2011). The BIA's determination that an alien is not eligible for withholding of removal is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, this court will not reverse the BIA's decision unless the evidence not only supports a contrary conclusion but compels it. *Id.*

The BIA adequately considered the evidence as a whole even though it did not discuss the specific evidence now cited by Ngaruiya. *See Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004). On balance, the record does not compel the conclusion that the Kenyan government was unwilling or unable to control the actions of Ngaruiya's uncle or the Mungiki sect against Ngaruiya.

Ngaruiya also presents for the first time a statutory argument that an alien may obtain withholding of removal without showing that the government is unable or unwilling to control his or her persecutor. We lack jurisdiction to consider the argument, as it was not raised before the BIA and therefore is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

No. 13-60300

Ngaruiya next challenges the denial of relief under the CAT.  The BIA upheld the denial of CAT relief on the ground that Ngaruiya failed to show that her removal to Kenya would more likely than not cause her to be tortured by, at the instigation of, or with the consent of a public official or other person acting in an official capacity.   The BIA's finding is reviewed under the substantial evidence standard.  *See Chen*, 470 F.3d at 1134.

According to Ngaruiya, the BIA's finding was not supported by substantial evidence because the BIA failed to consider evidence of certain bad acts by her uncle.  Her argument is unavailing.  The record as a whole does not compel the conclusion that the Kenyan government would acquiesce to any torture of Ngaruiya by her uncle or the Mungiki sect.

Although Ngaruiya presents additional arguments challenging the validity of her notice to appear, the determination that her application for asylum was untimely, and the denial of voluntary departure, we lack jurisdiction to consider them because they were not exhausted before the BIA. *See* § 1252(d)(1); *Omari*, 562 F.3d at 318-21.

The petition for review is DENIED.